AGRICULTURAL PUBLISHERS ASSOCIATION, Appellee, v. HOME-
STEAD COMPANY, Appellant.

**CORPORATIONS:** By-Laws—"Ensuing Dues"—Construction. By-
laws which provide that members must pay dues quarterly *in advance*,
and, upon withdrawal, pay all delinquent dues, and also "dues for
the ensuing quarter," obligate the member, when he withdraws, to
pay dues for a quarter of a year *following the quarter* in which he
withdraws.

*Appeal from Polk District Court.*—JOSEPH MEYER, Judge.

### MARCH 4, 1924.

ACTION to recover certain dues and assessments under the
by-laws of the plaintiff association, of which the defendant was
a member. A demurrer to the answer was sustained, and, de-
fendant refusing to plead over, judgment was rendered for the
amount claimed, from which defendant appeals.—*Affirmed.*

*Dunshee & Brody,* for appellant.

*Guy A. Miller,* for appellee.

VERMILION, J.—The plaintiff and appellee, as its name im-
plies, is an association of publishers of periodicals devoted to
agriculture. The petition alleged that, for many years prior to
November 1, 1921, the appellant held three memberships in the
association, and on that date withdrew therefrom, by notice in
writing. It is alleged that the by-laws of the association in
force and effect at all times during such membership required
the payment of dues and assessments for one quarter of a year
immediately succeeding the date of the withdrawal from the
association. Certain sections of the by-laws are set out, as
follows:

"Section 2. The membership fee shall be $25.00, payable
upon application and election and annually thereafter. Fur-
thermore, each member in consideration of his election as a

member of this association, further agrees to pay a quarterly assessment in advance to be devoted to the promotion of the general work of this association.

"Section 4. A member may withdraw from the association by presenting his resignation in writing to the board of directors, such resignation to be effective upon payment by such member of any back dues and assessments that may be delinquent, and the dues and assessments for the ensuing quarter."

It is alleged further that the back dues and assessments for the three memberships held by appellant for the quarter ending December 31, 1921, were $529.15, and that the dues and assessments for such memberships for the ensuing quarter, ending March 31, 1922, were $181.93; that appellant paid the back dues and assessments in the sum of $529.15 on November 1, 1921, but has failed and refused to pay the dues for the ensuing quarter, in the amount of $181.93. For the latter sum, judgment is asked.

The defendant and appellant by answer admitted the fact allegations of the petition, and offered to confess judgment for $60.65, with interest, and filed a demurrer to so much of the petition as claimed more than the amount confessed to be due, upon the ground that such demand was based on an erroneous construction of the contract upon which the action was based, and an erroneous conception of the law. The demurrer was overruled, and, upon appellant's election to stand upon the ruling so made, judgment was rendered against it for the amount claimed, from which it appeals.

The question presented is whether the appellant, upon its withdrawal from the appellee association on November 1, 1921, was, by the by-laws of the association, required to pay the dues and assessments for November, December, and January following only, or for the quarter of a year beginning January 1, 1922; or, in other words, whether the phrase "ensuing quarter," found in the by-laws, means the three months immediately following the date of withdrawal, or the quarter of a year following the quarter in which the withdrawal is made.

It will be observed that the by-laws of the association require of a member the payment of a "quarterly assessment in advance." It may be true, as insisted by appellant, that the

first quarter for which the assessment would be paid would be the quarter, or three months' period, immediately following the date of election to membership, and that the next and each subsequent payment would be for a quarter or three months' period immediately following the last preceding quarter, and that the payments were not made, or required by the by-laws to be made, for the quarters of the calendar year commencing January 1st. But, if this be conceded, it does not settle the question; for it is alleged in the petition that the back dues and assessments of the appellant were $529.15 for the quarter ending December 31, 1921. This allegation is admitted by the demurrer; so that, whatever may have been the date of appellant's election to membership,—and that is not alleged,—it is admitted by the demurrer that, at the date of its withdrawal on November 1st, it owed the association back dues and assessments for the quarter ending December 31st, that should have been paid in advance.

"Ensue" means "to follow or follow after," "to follow in order or in a train of events or course of time" (Century Dictionary); "to follow or come afterward" (20 Corpus Juris 1265). The "ensuing quarter," as used in the by-laws in question, means the quarter following or coming after. Following or coming after what,—the date of withdrawal or the quarter in which the withdrawal is made? The quarter of a year was, by the by-laws, made the unit of time for which payment of dues and assessments should be made in advance. At any given time during any quarter, a member, if this provision of the by-laws had been complied with, would have his dues paid up to the end of that, the current, quarter. The provision requiring him, in the event of withdrawal, to pay the dues and assessments for the ensuing quarter, required him to pay the dues and assessments for the quarter following that for which he had already paid. This conclusion is confirmed by considering the provision that, upon withdrawal, the member must pay any dues and assessments that may be delinquent, and also those for the ensuing quarter. Since the dues and assessments were payable in advance, if they were not so paid they were delinquent, and delinquent for the whole of the quarter for which they should have been so paid. The dues and assessments for the time interven-

ing between the date of withdrawal and the end of the current quarter were as much delinquent as those for the portion of the quarter preceding the withdrawal. The payment for the period from the date of withdrawal to the end of the current quarter was the payment of delinquent dues, and required, upon withdrawal, to be made as such. The expression "dues and assessments for the ensuing quarter" could not be construed to include such as were at the date of withdrawal either paid or delinquent. If they were then delinquent, they were due and payable in any event, and payable as delinquent dues and assessments upon withdrawal, and not as something payable only upon and as a condition precedent to withdrawal.

The appellant's payment of the amount delinquent for the quarter ending December 31st, and its offer to confess judgment for the amount of the dues and assessments for January, did not meet its obligation to pay, upon withdrawal, the amount by which it was then delinquent, and the dues and assessments for the ensuing quarter. The demurrer was properly overruled, and the judgment is—*Affirmed*.

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.